HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.C., individually and on behalf of A.C., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>PREMERA BLUE CROSS,<br><br>Defendant. | Case No. 2:21-cv-01257 RSL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS** |

Plaintiff hereby submits this Response to Defendant' Partial Motion to Dismiss (Dkt. No. 31). The challenged cause of action, brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and specifically under 29 U.S.C. § 1132(a)(3), alleges Defendant Premera Blue Cross ("Premera") violated the Mental Health Parity and Addiction Equity Act ("MHPAEA"). As set forth below, Plaintiff's Complaint sufficiently states plausible grounds for relief under the MHPAEA. Further, because her MHPAEA claim under Section 1132(a)(3) of ERISA seeks different relief from her claim for recovery of benefits under

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 1
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

Section 1132(a)(1)(B), the claims are not "duplicative" as Premera alleges. Defendant's Motion should accordingly be denied.

Finally, as Defendant has yet to produce documents it was required to have provided during the pre-litigation "administrative appeal" process that would reveal details of its criteria, processes and decision-making, its effort to dismiss Plaintiff's MHPAEA claim is premature. Documents to be provided during discovery in this action will provide the comparative analyses that Defendant uses when evaluating analogous medical/surgical claims in addition to shedding light on its internal processes and practices.

## I. INTRODUCTION

Plaintiff N.C. filed this action to obtain relief from Premera's wrongful denial of medically necessary treatment for her minor son, A.C., at a residential treatment center. One week after A.C. was admitted to residential treatment, Premera incorrectly reasoned that because he did not present with acute symptoms, he could be treated in a lower level of care, below subacute residential care, and denied further coverage. This benefit denial violated the terms of the Plan; it also demonstrated a practice that discriminates against mental health and substance use disorder claimants.

As Plaintiff argued in her prelitigation appeals and alleges in her Complaint, Premera does not require medical/surgical claimants to demonstrate acute symptoms in order to receive coverage for care in intermediate or subacute facilities like skilled nursing facilities, inpatient rehabilitation centers or inpatient hospice. Premera's denial letters also suggest that it might have imposed a MHPAEA prohibited practice of refusing to pay for higher-cost treatment until it can be shown that a lower-cost treatment is ineffective.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 2
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739  Fax (801)532-1936

Because Plaintiff's Complaint sufficiently alleges that Premera applies its medical necessity criteria in a way that creates disparity between claimants of mental health and substance use disorder benefits versus claimants of medical and surgical treatment benefits, and because Plaintiff's MHPAEA claim is not duplicative of her claim under 29 U.S.C. § 1132(a)(1)(B), Premera's motion should be denied.

## II. ARGUMENT

### A. Because Plaintiff Sufficiently States a Claim for a MHPAEA Violation, the Partial Motion to Dismiss Must be Denied.

The question presented on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To successfully oppose a motion to dismiss, a plaintiff must make a "short and plain statement of the claim" from which the Court can reasonably infer that the defendant is liable, and the plaintiff entitled to relief. Fed. R. Civ. P. 8(a)(2); *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. at 678). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citation omitted).

When analyzing a Complaint under Fed. R. Civ. P. 12(b)(6), the Court takes "*all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party.*" *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (emphasis added). *See also, e.g., Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019) ("[a]ll factual allegations are accepted as true, and all reasonable inferences must be drawn in favor of the

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 3
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739  Fax (801)532-1936

plaintiff."). Premera's Motion overlooks this rule, and ignores many, if not most, of the salient facts alleged in Plaintiff's Complaint. It asks the Court to conclude on this truncated account of Plaintiff's allegations that she has failed to plausibly allege a MHPAEA violation.

As shown below, Plaintiff has met the requisite pleading standard. Her Complaint alleges sufficient facts for the Court to reasonably infer that Premera violated the MHPAEA. In the event the Court disagrees, Plaintiff respectfully requests leave to amend her Complaint, and to do so after discovery requiring Defendant to produce documents it should have already provided. This discovery would include its criteria for evaluating analogous medical/surgical treatment and coverage as well as internal policies and contracts that govern Premera's processes and decision-making.

**1. Plaintiff's Complaint Seeks the Relief Provided by the MHPAEA.**

The MHPAEA was "designed to end discrimination in the provision of coverage for mental health and substance use disorders as compared to medical and surgical conditions in employer-sponsored group health plans and health insurance coverage offered in connection with group health plans." *Am. Psychiatric Ass'n v. Anthem Health Plans*, 50 F.Supp.3d 157, 160 (D. Conn. 2014) (quoting *Coal. for Parity, Inc. v. Sebelius*, 709 F.Supp.2d 10, 13 (D.D.C. 2010)). MHPAEA requires group health plans providing for both medical and surgical benefits and mental health or substance use disorder benefits to ensure that the treatment limitations applicable to mental health or substance use disorder benefits are "no more restrictive" than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan. 29 U.S.C. § 1185a (a)(3)(A)(ii). It also requires that there be no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits. *Id*. Thus, if a group health plan provides both medical/surgical benefits and

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 4
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

mental health or substance use disorder benefits, the plan may not apply any "treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant . . . treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification." 29 C.F.R. § 2590.712(c)(2)(i). And if a plan "provides mental health or substance use disorder benefits in any classification of benefits . . . [those] benefits must be provided in every classification in which medical/surgical benefits are provided." *Id.* § 2590.712(c)(2)(ii).

The regulations implementing MHPAEA explain that nonquantitative treatment limitations—non-numerical limits to the scope or duration of benefits for treatment— may not apply more stringently to mental health or substance use disorder benefits in any classification. In other words, the "processes, strategies, evidentiary standards, or other factors" used in applying the nonquantitative treatment limitation must be comparable to, and be applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation for medical/surgical benefits in the classification. *Id.* § 2590.712(c)(4)(i). A plan administrator consequently violates the MHPAEA if it applies a stricter nonquantitative treatment limitation to mental health or substance use disorder benefits than it applies to analogous medical/surgical benefits. *Id*.

Plaintiff's Complaint seeks precisely the relief provided by the MHPAEA. Premera's argument that Plaintiff has failed to allege a facial or an as-applied violation of the MHPAEA is incorrect and requires one to ignore many of the factual allegations in Plaintiff's Complaint, as described immediately below.

//

//

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 5
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

## 2. The Complaint Alleges All Facts Necessary to Survive a Motion to Dismiss.

While Premera's summary of Plaintiff's Complaint accurately states *some* portions of that pleading, it fails to address "all allegations" supporting Plaintiff's MHPAEA cause of action. Plaintiff identifies the following paragraphs that plausibly support her MHPAEA claim:

- Paragraph 11 outlines the medical necessity of A.C.'s care and his risk of suicide or other harm when treated outside of a treatment facility.

- Paragraph 29 references letters of medical necessity showing that ongoing residential treatment was the appropriate level of care to safely and effectively treat A.C.

- Paragraph 13 alleges the ineffectiveness of treatment and A.C.'s non-participation when A.C. was treated at lower levels of care.

- Paragraphs 14 and 30 allege that all treatment decisions were clinically directed.

- Paragraph 15 alleges that Premera initially approved benefits, indicating that A.C. had satisfied the requirements of medical necessity.

- Paragraphs 19 and 20 allege that there were questions as to whether Premera applied proper criteria when evaluating A.C.'s claim for benefits.

- Paragraphs 21 and 22 allege that the criteria were inconsistent with generally accepted standards as required by the Plan.

- Paragraph 25 alleges Premera's failure to take into account all of A.C.'s mental health conditions and failure of treatment that had been provided at a lower level of care.

- Paragraphs 33 through 35 allege that Premera upheld its denial by applying an acute hospitalization rationale:
  (1) No psychosis - "not hearing or seeing things that were not there."
  (2) No "Severe" symptoms and "not wanting to harm himself or others."
  (3) No suicidality, homicidality, nor gravely impaired, or delusional or manic.

- Paragraphs 26 and 27 allege the comparison to medical surgical parameters and that Premera would not require a claimant to experience an acute heart attack in order to be admitted to a subacute skilled nursing facility.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 6
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

- Paragraph 57 identifies the federal regulation that an impermissible nonquantitative treatment limitation under MHPAEA includes the refusal to pay for higher-cost treatment until it can be shown that a lower-cost treatment is not effective.

- The factual support for the allegation in Paragraph 57 can be found in paragraphs 33 and 35 that recite Premera's position that A.C. could be treated "in a less restrictive setting" or "partial hospitalization. ¶ 33, 35.

- Paragraph 58 alleges the more restrictive nature of Premera's mental health guidelines in contrast to its medical surgical guidelines or criteria.

- Paragraph 59 alleges the impropriety of assessing coverage for subacute care by requiring acute symptomology.

- Paragraph 60 alleges that Premera follows generally accepted standards of medical practice when assessing medical/surgical claims, but that it deviated from those standards when evaluating A.C.'s claims.

- Paragraph 61 and 62 provide a specific example of Premera's reliance on acute symptoms to deny subacute care, quoting its denial rationale that "You do not have any active plans to end your life or others."

- Paragraphs 63 and 64 provide the factual basis to infer the plausible MHPAEA violation as it compares the effect of reviewing decisions for subacute care against requirements that the patient present with acute symptoms.

- Paragraph 65 confirms that Plaintiff argued the MHPAEA violation as part of the prelitigation process and that Premera does not require symptoms like hallucinations to cover intermediate medical surgical care.

- Paragraphs 67 to 69 allege that Premera's criteria for evaluating A.C.'s care deviated from generally accepted standards, which Premera does not do when evaluating medical surgical claims.

Dkt. No. 2.

The two most substantive elements of a MHPAEA violation are that the plan includes a treatment limitation for mental health or substance use disorder benefits that is more restrictive than medical/surgical benefits; and the mental health or substance use disorder benefit being limited is in the same classification as the medical/surgical benefit to which it is being compared. *Michael D. v. Anthem Health Plans of Ky., Inc.*, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 7
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739  Fax (801)532-1936

Plaintiff will discuss these points more fully below, but the preceding paragraphs of the Complaint provide the factual basis to support the MHPAEA cause of action. The Complaint identifies the relevant analogue between residential treatment centers and skilled nursing facilities, rehabilitation centers, and inpatient hospice. The Complaint also alleges that Premera evaluates its claims for residential treatment coverage more restrictively than analogous medical surgical claims. Because Plaintiff states a cause of action under the MHPAEA, the motion to dismiss must be denied.

### 3. Premera's Analysis of Any Facial Quantitative Violation is Inadequate and Fails to Acknowledge Potential Facial Violations

"Unfortunately, there is no clear law on how to state a claim for a Parity Act violation. Thus, district courts have continued to apply their own pleading standards." *Michael W. v. United Behav. Health*, 420 F. Supp. 3d 1207, 1234 (D. Utah 2019). *Michael W.* cited with approval *A.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1080-82 (W.D. Wash. 2018), which offered alternatives for pleading Parity Act claims. *Michael W.*, 420 F. Supp.3d at 1234. In *A.Z.*, this court denied a motion to dismiss, holding that a valid MHPAEA violation allegation "can target the language of the plan or the processes of the plan," both of which are protected by the Parity Act implementing guidelines. *Id.*; *see also* 29 C.F.R. § 2590.712(c)(4)(i) (stating that "processes, strategies, evidentiary standards, or other factors" may not be applied in a discriminatory manner). *Michael W.*, 420 F. Supp.3d at 1234-35.

Citing *Heather E. v. California Physicians' Servs.*, No. 2:19-CV-415, 2020 WL 4365500 (D. Utah July 30, 2020), Premera recites a three-pronged test for a MHPAEA violation and argues that Plaintiff's Complaint does not contain a quantitative or facial violation. Dkt. No. 31 at 10-11. This analysis is incomplete. A more comprehensive analytical framework for the elements of a properly pled MHPAEA claim is set forth in *Michael D. v. Anthem Health Plans of*

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 8
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

*Kentucky, Inc.*, 369 F.Supp.3d 1159, 1174 (D. Utah 2019), holding that to state a Parity Act violation, a plaintiff must show that: (1) the relevant group health plan is subject to the Parity Act; (2) the plan provides both medical/surgical benefits and mental health or substance use disorder benefits; (3) the plan includes a treatment limitation for mental health or substance use disorder benefits that is more restrictive than medical/surgical benefits; and (4) the mental health or substance use disorder benefit being limited is in the same classification as the medical/surgical benefit to which it is being compared. *Id.* at 1174. Plaintiff's Complaint meets these elements. Even if this Court were to use the three-element test in *Heather E.*, Plaintiffs' Complaint is sufficient because it identifies how Premera applied its treatment limitation on medical necessity more strictly on A.C.'s mental health claims that it would have done for analogous medical/surgical claims.

Further, Premera has impeded Plaintiff's ability to allege a facial allegation by withholding plan documents. Without production of all the documents she requested in the pre-litigation appeal process, Plaintiff was limited in her capacity to plead a facial disparity. On multiple occasions Plaintiff requested in writing that Premera provide her various documents that would shed light on the Plaintiff's ability to evaluate whether Premera's actions violated MHPAEA. *See* Complaint, Dkt. No. 2, at ¶¶ 19, 28, 31, 36, and 40. MHPAEA's final rules clearly required Premera to produce those documents. *See* 29 C.F.R. §2590.712(d)(1) ("[t]he criteria for medical necessity determinations made under a group health plan with respect to mental health or substance use disorder benefits (or health insurance coverage offered in connection with the plan with respect to such benefits) must be made available by the plan administrator (or the health insurance issuer offering such coverage) to any current or potential participant, beneficiary, or contracting provider upon request." *See also* 29 C.F.R.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 9
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

§2590.712(d)(3), identifying among documents that must be produced "information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan." Yet Premera failed to provide the requested documents. Complaint ¶ 37, 42, and 60.

Several courts have ruled that MHPAEA plaintiffs facing motions to dismiss will not be penalized for a failure to plead more specifically that cause of action where the claimants simply are not in possession of the information required to be more specific. *Melissa P. v. Aetna Life Ins. Co. Grp. Ben. Plan,* No. 2:18-cv-00216-RJS-EJF, 2018 WL 6788521, at *3-4 (D. Utah Dec. 26, 2018); *Timothy D. v. Aetna Health and Life Ins. Co.,* No. 2:18-CV-753-DAK, 2019 WL 2493449 at *3-4 (D. Utah Jun. 14, 2019); *Kurt W. v. United Healthcare Ins. Co.,* No. 2:19-cv-2232019, WL 6790823, at *1-2, 7 (D. Utah 2019); *David P. v. United Healthcare Ins. Co.*, No. 2:19-cv-00225-JNP, 2020 WL 607620, at *18 (D. Utah Feb. 7, 2020); *Brian S. v. United Healthcare Ins. Co.*, No. 2:21-CV-64 TS, 2021 WL 2444664, at *4 (D. Utah June 15, 2021); and *Johnathan Z. v. Oxford Health Plans,* No. 2:18-cv-383-JNP-PMW, 2020 WL 607896, at *19 (D. Utah Feb. 7, 2020).

Instead, where the Defendant has wrongfully withheld documents it is required to produce under MHPAEA's regulations, the proper action is to require production of those documents and, if necessary, allow Plaintiff to file an Amended Complaint. *Kurt W.*, WL 6790823, at *5-6; *Michele T. v. United Healthcare Oxford,* No. 2:19-cv-507-TC, 2020 WL 4596961, at *5-6. Indeed, it is well established that discovery is permitted and necessary for

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 10
Case No. 2:21-cv-01257 RSL

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

MHPAEA causes of action. *Michael W.* at 1233, 1235; *Johnathan Z.,* 2020 WL 607896, at *19; *Kurt W.,* WL 6790823, at *5-6; and *Michele T.*, 2020 WL 4596961, at *5-6.

Premera's effort to seek dismissal of Plaintiff's MHPAEA claim without having produced the documents the Act required it to provide, and without the benefit of discovery, is improper. If the Court concludes the MHPAEA claim lacks sufficient specificity to withstand Premera's Rule 12(b)(6) challenge, Plaintiff respectfully requests that it grant her leave to obtain the documents she properly sought in the pre-litigation appeal process, so that she may more thoroughly re-plead her MHPAEA cause of action.

### 4. The Complaint Contains All Elements Necessary to Allege an As-Applied MHPAEA Violation.

Premera argues that the Court should reject Plaintiff's assertion that Premera violated MHPAEA when it denied A.C.'s claim for coverage for treatment at a subacute residential treatment center by requiring evidence of acute symptoms. Dkt. No. 31 at 12. Premera claims that even if it requires subacute symptoms for analogous medical surgical claims to be approved, the distinction does not matter. Dkt. No. 31 at 12. Instead, Premera argues that the relevant issue is whether A.C. could have been treated in a less intensive setting.

In making its argument, Defendant relies on *Julie L. v. Excellus Health Plan, Inc.*, 447 F. Supp. 3d 38 (W.D.N.Y. 2020). *Julie L.* does not support Defendant's position for two reasons. First, *Julie L.* was decided on a fully-briefed motion for summary judgment. Second, the Complaint and Premera's Motion make clear that there is a genuine disputed fact as to whether A.C. could have been treated at a lower level of care. Defendant suggests the wrong question when it argues that A.C.'s symptoms were "capable" of being treated in a less intensive setting. Dkt. 31 at 9. The relevant issue is whether those symptoms can be **safely and effectively** treated in a less intensive setting. By characterizing *capacity* to be treated in a less intensive setting as a

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 11
Case No. 2:21-cv-01257 RSL

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

rational basis to uphold denial, Premera is not taking into account that this is different from the *medical necessity* analysis that aligns with generally accepted standards of care.

As noted in *Wit v. United Behavioral Health* No. 14-cv-02346-JCS, 2020 WL 6479273, at *48-49 (N.D. Cal. Nov. 3, 2020), the *possibility* of treatment at a lower level of care is not the test. "Patients should receive treatment for mental health and substance use disorders at the least intensive and restrictive level of care that is *safe and effective*. Placement in a less restrictive environment is appropriate only if it is likely to be safe and *just as effective* as treatment at a higher level of care in addressing a patient's overall condition, including underlying and co-occurring conditions." *Id.* at *49 (emphasis added).

The analysis a plan or insurer must carry out to line up with generally accepted standards of care is whether a lower level of care will be as *safe and effective* as residential treatment. As alleged in the Complaint – and as demonstrated by Premera's arguments – this dispositive issue is in dispute.

Premera's argument is a premature attempt to delve into the merits of Plaintiff's MHPAEA claim. Rule 12(b)(6), however, "is concerned with a claim's sufficiency rather than its substantive merits," and "when faced with a motion to dismiss, courts typically courts 'look only at the face of the complaint.'" *Daniel F. v. Cal. Physicians' Serv.*, 2009 WL 2581303, at *6 (N. D. Cal. 2009) (quoting *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). "Thus, a motion under Rule 12(b)(6) is not the proper vehicle for seeking a ruling on the merits of the claims." *Id*. Premera asks to prevail on the merits even before the Plaintiff or the Court have received and considered all the relevant information and documents on which to determine the merits.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 12
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

Many cases have refused to dismiss MHPAEA claims pleaded with less factual detail and specificity than Plaintiff's Complaint. *See, e.g.*, *Melissa P.*, 2018 WL 6788521, at *1-2, 4; *Timothy D.*, 2019 WL 2493449 at *1-2, 4; *David P.*, 2020 WL 607620, *19; and *Johnathan Z.*, 2020 WL 607896, *19-20. The underlying complaints in these cases were drafted by the same Plaintiff's counsel here – before much development of the law defining MHPAEA violations. The present Complaint not only states the elements from the MHPAEA and its implementing regulations, but as discussed above, provides more than sufficient facts to support those claims. *See* Complaint, Dkt. No. 2, at ¶¶ 26-27, 33-35, 61-62. But even without the more specific facts alleged in this case, these other cases denied similar motions to dismiss.

Plaintiff does not dispute that the Plan term at the core of the parties' dispute, "medical necessity," applies to medical/surgical treatment on the one hand and mental health and substance use disorder treatment on the other. But the fact that Premera requires medical necessity for both medical/surgical as well as mental health/substance use disorder benefits does not, without more, resolve the issues raised in the Complaint. That is only another way of saying Premera does not violate MHPAEA on its face. But this argument sheds no light on the *as-applied* treatment limitation.

What Plaintiff alleges is that Premera improperly reviews a mental health claim by asserting that treatment would have been safe and effective at a lower level of care by applying guidelines that, on their face or as-applied, deviate from generally accepted standards of care. See Complaint, Dkt. No. 2, at ¶¶ 13, 15, 21-22, 24, 25, 57. Plaintiff further alleges that Premera does not use the same type of restrictive guidelines when evaluating medical/surgical care that it applied to its review of the medical necessity of A.C.'s care. *Id.* at ¶ 26, 27, 36, 38, 59, 60-68. Plaintiff's allegation is supported by *M.S. v. Premera Blue Cross*, --F.Supp.3d --, No. 2:19-cv-

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 13
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

00199-RJS, 2021 WL 3511094 (D. Utah Aug. 10, 2021). There, the court found that Premera imposed an additional hurdle for approval of residential treatment of mental health and substance use disorders than it did for inpatient hospice treatment:

> To determine whether residential treatment center benefits are medically necessary, Defendants first rely on the language of the Plan. Beyond the language of the Plan, Defendants also impose the appropriate InterQual Criteria as an evidentiary standard to apply the medical necessity treatment limitation to residential treatment center benefits. For inpatient hospice benefits, Defendants solely use the language of the Plan to determine if the benefits are medically necessary. Defendants do not use any additional process or criteria beyond the terms of the Plan.

*Id.* at *20. As a result, the Court found that Premera violated MHPAEA:

> In other words, claimants seeking medical/surgical benefits for inpatient hospice care have one less hurdle to clear. Claimants in this classification of benefits must meet one criterion to meet the medical necessity requirement: the Plan language. On the other hand, claimants seeking mental health benefits in the same classification—residential treatment centers—must satisfy both the Plan language and the additional InterQual Criteria. This makes the nonquantitative treatment limitation of medical necessity more restrictive as applied to mental health benefits. This outcome is specifically what the Parity Act was enacted to prevent. Because the additional InterQual Criteria are applied to determine whether residential treatment center benefits are medically necessary, the court concludes the treatment limitation is applied more restrictively to mental health benefits than as applied to analogous medical/surgical benefits covered by the Plan. This violates the Parity Act.

*Id*.

In *M.S. v. Premera* the district court was able to make its findings only after appropriate discovery had been conducted and the merits of the case had been briefed. As confirmed by the many factual allegations referenced above, Plaintiff's Complaint contains much more than a "bare allegation that the Plan covers subacute medical/surgical treatment" without requiring acute symptoms, as Premera alleges here. Dkt. No. 31 at 15.

Premera cites *Jeff N. v. United Healthcare*, No. 2:18-cv-00710-DN-CMR, 2019 WL 4736920 (D. Utah Sep. 27, 2019). Dkt. 31 at 15. But in *Jeff N.* the court initially denied the

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 14
Case No. 2:21-cv-01257 RSL

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

motion without prejudice and granted Plaintiff leave to amend. *William D. v. United Healthcare Ins. Co.*, No. 2:19-cv-00590-DBB-JCB, 2020 WL 4747765 (D. Utah Aug. 17, 2020), too, resulted in a dismissal without prejudice. But the Complaint here contains all of the necessary factual allegations and an amendment should not be required.

The Plaintiff here alleged in both her Complaint and the pre-litigation appeal process that Premera does not require a patient to experience acute symptoms like a heart attack to receive subacute care at a skilled nursing facility. Complaint ¶ 26. Plaintiff further alleges in paragraph 58 of her Complaint, Premera violated MHPAEA because it applied its criteria to A.C.'s mental health claims in ways that were more restrictive than how it applies its criteria to analogous medical/surgical claims. Plaintiff's allegations allow for the reasonable inference that Premera violated MHPAEA, particularly as those claims find support in paragraphs 24-28. During the pre-litigation process, N.C. asserted the flaws in Premera's criteria and asserted that Premera's coverage review violated MHPAEA. As paragraph 45 alleges, Premera provided nothing to refute those claims and they are deemed to be true for purposes of a motion to dismiss.

Defendant points out that Premera has time limits for its medical/surgical treatment coverage. Dkt. No. 31 at 16. Those vary from fourteen days to 60 days. But here, Premera denied benefits after merely one week of care and did not take into account any distinction between the time needed to effectively treat a mental health condition versus the time necessary to treat a medical/surgical condition. Its own argument suggests another MHPAEA violation.

The Complaint satisfies all the elements of a MHPAEA cause of action. First, Plaintiff has identified a specific treatment limitation: the Plan's requirement that A.C. be experiencing acute symptoms in order to qualify for payment of his residential treatment. Next, the Plaintiff properly identifies the comparators of skilled nursing facilities, inpatient rehabilitation, and

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 15
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

inpatient hospice to residential treatment. Finally, Plaintiff identifies that Premera does not require a patient be experiencing acute symptoms in order to receive payment of benefits for comparable sub-acute inpatient medical and surgical treatment. This Court may reasonably conclude that, if the pled facts are true, Premera violated the MHPAEA. The Plaintiff's argument is certainly plausible.

### B. The Second Cause of Action is Not Duplicative and Any Legal Relief from the First Cause of Action Will not Make the Plaintiff Whole Because that Relief is not the same as the Equitable Relief that Plaintiff Seeks.

A plaintiff is not barred from pursuing claims under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(a)(1)(B) when those claims seek different relief. *Hancock v. Aetna Life Ins. Co.*, 251 F. Supp. 3d 1363, 1371-72 (W.D. Wash. 2017); *McNelis v. Prudential Ins. Co. of Am.*, No. 2:19-CV-01590-RAJ, 2020 WL 5038745, at *2 (W.D. Wash. Aug. 26, 2020). Plaintiff seeks different relief for her two claims. Under Section 1132(a)(1)(B), she requests judgment "in the total amount that is owed for A.C.'s medically necessary treatment at CALO under the terms of the Plan, plus pre and post-judgment interest to the date of payment." The remedies she seeks under Section 1132(a)(3) are equitable, and include injunctive relief, reformation of the Plan, disgorgement, an accounting, a surcharge and restitution. *See* Dkt. No. 2 at ¶¶ 72(a) through (h). These claims are not duplicative.

The MHPAEA cause of action represents an alternative, rather than a duplicate cause of action and alternative theories of liability have long been allowed. The most extensive discussion of this issue in the context of MHPAEA is found at *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F.Supp.3d 1209, 1217-1234 (D. Utah 2019) in which the Court provides a detailed analysis for why MHPAEA claims brought under 29 U.S.C. § 1132(a)(3) are not duplicative of

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 16
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

ERISA wrongful denial of benefits claims brought under 29 U.S.C. § 1132(a)(1)(B). That analysis was repeated in a truncated form in *Denise M. v. Cigna Health & Life Ins. Co*., No. 2:19-cv-764-JNP, 2020 WL 5732321, at *12 (D. Utah Sep. 23, 2020). The injury caused by a MHPAEA violation may not be remedied under another subsection, confirming that the MHPAEA violation can be a distinct injury. *Denise M.* at *13. At a minimum, at the motion to dismiss stage the Court lacks substantial evidence to evaluate potential equitable remedies and it would be premature to determine whether the 1132(a)(1)(B) remedy would be adequate. *Id.* at *18-20 For the same reasons, Defendant's suggestion that Plaintiff will be made whole by her first cause of action and the MHPAEA cause of action is superfluous or duplicative should be rejected.

Plaintiff does not dispute that she cannot obtain relief specifically for other Plan beneficiaries and participants. But Premera's arguments that she lacks standing for all the equitable relief she requests misses the mark. In particular, Premera ignores the allegation in the Complaint that N.C. and A.C. continue to be a participant and beneficiary under the Plan. Complaint ¶ 3. As a result, they continue to run the risk that Premera's wrongful behavior will continue to cause them harm.

Until the full facts are obtained, this Court will not know the scope of the equitable relief to which Plaintiff is entitled. Defendant's objection on this point is premature because the Court will determine the nature of the equitable relief after an adjudication on the merits of the MHPAEA claim. To deny the Plaintiff an opportunity to even request the equitable relief established by statute, prior to the briefing on the merits, would be wrong. The statute plainly provides that "a civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary . . . (B) to obtain other appropriate equitable

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 17
Case No. 2:21-cv-01257 RSL

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739  Fax (801)532-1936

relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132. Defendant's request to determine the scope of the equitable relief on its Motion to Dismiss is premature and should be denied.

Defendant also asserts that certain equitable relief can only be granted to individuals in "exceptional cases." Dkt. 31 at 22. But Premera's argument is with Congress, not the Plaintiff or this Court. Congressional intent to end discrimination in how benefits are provided for mental health and substance use disorder treatment is clear. Premera is not in a position to request dismissal of the MHPAEA cause of action on the basis that the "appropriate equitable relief" ERISA authorizes for violation of MHPAEA is purportedly unavailable.

For all of the above reasons, Premera's Motion to Dismiss must be denied.

RESPECTFULLY SUBMITTED on January 3, 2022.

BRIAN S. KING, P.C.

 s/ Brian S. King
Brian S. King, admitted pro hac vice
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 18
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739  Fax (801)532-1936

## CERTIFICATE OF SERVICE

I certify that I caused on January 3, 2022 I filed a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss to be filed with the Clerk of the Court via the CM/ECF system and that all ECF registrants will receive notification of the same, including:

Gwendolyn C. Payton
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
gpayton@kilpatricktownsend.com

DATED: January 3, 2022.

                                              Brian S. King P.C.

                                              /s/ *Brian S. King*
                                              Counsel for Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS - Page 19
Case No. 2:21-cv-01257 RSL

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936