THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| N.C., individually and on behalf of A.C., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>PREMERA BLUE CROSS,<br><br>Defendants. | Case No. 2:21-cv-01257 - JHC<br><br>**PLAINTIFFS' MOTION IN SUPPORT OF AN AWARD FOR ATTORNEY FEES AND COSTS** |

# I. MOTION

Plaintiffs N.C. and A.C. ("N.C." and "A.C." respectively and collectively "Plaintiffs") submit their memorandum in support of an order for reasonable attorney fees and costs. This briefing is submitted pursuant to the Court's Order, ECF # 71. The memorandum is also consistent with 29 U.S.C. § 1132(g)(1), F.R.Civ.P. 54(d), LCR 54(d)(5), and LCR 5.

//

//

PLAINTIFF'S MOTION IN SUPPORT
OF AN AWARD OF ATTORNEY FEES
AND COSTS,
Case No. 2:21-cv-01257 – Page 1

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

I.  **PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEY FEES AND COSTS.**

A.  **An Award of Fees is Proper Under *Hardt v. Reliance Std. Life Ins. Co.*** [1]

In *Hardt v. Reliance Standard Life Ins. Co.*, the Supreme Court discussed awards of attorney fees in ERISA cases. The Supreme Court held that 29 U.S.C. §1132(g)(1) does not require a litigant to be a prevailing party to obtain an award of attorney fees.[2] It is enough to justify a discretionary award of fees from this Court if a party achieves "some degree of success on the merits."[3] Reversal of a denied claim certainly justifies an award of fees.[4]

In this case, N.C. and A.C. obtained this Court's ruling in their favor that the Defendants' denial of benefits was inappropriate, and that they were entitled to coverage.[5] This constitutes a significant degree of success on the merits in the case and justifies an award of attorney fees and costs under *Hardt*. The Supreme Court also discussed the application of the well-accepted "five factor" test in ERISA cases to determine whether an award of fees is appropriate. *Hardt* states:

> Because these five factors bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.[6]

However, the Supreme Court did not completely rule out the use of the five factors as a way of assisting courts in their discretionary decision-making regarding an award of attorney fees.[7] According to the Ninth Circuit in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), these five factors are:

---

[1] 560 U.S. 242 (2010).
[2] 560 U.S. at 252.
[3] 560 U.S. at 255.
[4] 560 U.S. at 255-256.
[5] ECF # 71, p. 29.
[6] 560 U.S. at 254-255.
[7] *Id.*, at fn. 8.

PLAINTIFF'S MOTION IN SUPPORT OF AN AWARD OF ATTORNEY FEES AND COSTS,
Case No. 2:21-cv-01257 – Page 2

**BRIAN S. KING,** ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[8]

When the court applies these factors, it "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans,"[9] and "the *Hummel* factors reflect a balancing and [the court] need not find that each factor weighs in support of fees."[10] Additionally, a "prevailing party on an ERISA claim is entitled to attorney's fees, unless special circumstances would render such an award unjust."[11] There are no "special circumstances" present in this case that would make an award of fees unjust.

The **first** *Hummel* factor, the "degree of opposing parties' culpability or bad faith," is met in this case. Plaintiffs do not assert that the Defendants acted in bad faith in denying their claim, but in terms of culpability, the Court found that Premera's decision to deny coverage was troubling and ruled in favor of the Plaintiffs.[12]

As a major insurer who has paid attorney's fees before, the **second** factor is satisfied and Plaintiffs do not expect the Defendants to dispute this. The Ninth Circuit holds that "[b]ased on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant."[13]

---

[8] *Hummell*, 634 F.2d at 453
[9] *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999)
[10] *Id.* at 1173
[11] *United Steel Workers of Am. v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008)
[12] ECF # 71, p. 17.
[13] *Smith v. Cmta-Iam Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984)

PLAINTIFF'S MOTION IN SUPPORT
OF AN AWARD OF ATTORNEY FEES
AND COSTS,
Case No. 2:21-cv-01257 – Page 3

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

With regard to the **third** factor, whether or not an award of attorney's fees against the defendants would deter other insurers and benefit plans from improperly denying benefits to worthy participants, an award of fees may deter Premera or other ERISA fiduciaries from refusing to admit error.[14] Additionally, while Plaintiff did not bring this action on behalf of any other beneficiaries, reminding Defendants that wrongly denying ERISA claims will cost something above and beyond the benefits themselves will have a beneficial effect in this area of law (factor **four**). This Court's decision and a subsequent award of attorney's fees may very well increase the likelihood that future claimants obtain their benefits in a timely way and without having to resort to litigation.

Finally, with regard to factor **five**, Plaintiff prevailed in their attempt to reverse the denial of benefits by the Defendants.[15] The relative merit of the parties' positions clearly weighs in Plaintiffs' favor.

### B. The King Declaration and Supporting Information Identifies Reasonable Hourly Rates and Reasonable Time Spent in this Litigation.

The Supreme Court has used the "hybrid lodestar" method of determining the amount of attorney fees to be awarded is appropriate under ERISA.[16] This requires multiplying the "number of hours reasonably expended on the litigation by a reasonable hourly rate."[17] "Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."[18]

After deciding the appropriate hourly rate, the Court reviews the billing records

---

[14] *See Langston v. N. Am. Asset Dev. Corp. Grp. Dis. Plan*, 2010 U.S. Dist. LEXIS 12507, at *8 (N.D. Cal. 2010)
[15] ECF # 71, p. 20.
[16] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[17] *Id.* at 433.
[18] *Id.* at 435.

PLAINTIFF'S MOTION IN SUPPORT
OF AN AWARD OF ATTORNEY FEES
AND COSTS,
Case No. 2:21-cv-01257 – Page 4

**BRIAN S. KING**, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

submitted by the movant and excludes any amounts that it determines are "excessive, redundant, or otherwise unnecessary."[19] The lodestar figure is presumptively a reasonable fee and upward or downward adjustment of the figure is proper only in rare or exceptional circumstances where there is specific evidence on the record supported by detailed findings that the lodestar is too high or too low.[20]

The setting of a reasonable hourly rate considers the experience, skill, and reputation of the attorney and takes into account the prevailing market rates in the community.[21] The rates charged by Plaintiffs' counsel are identified in the Declaration of Brian S. King ("King Decl.") filed herewith as Exhibit A. Mr. King's rate is $600 per hour.[22] The first associate attorney in Mr. King's office who worked on this case, Brent J. Newton, bills his work at $350 an hour.[23] The second associate attorney in Mr. King's office who worked on this case, Samuel M. Hall, bills his work at $325 an hour.[24] Local counsel in this case, Ms. Eleanor Hamburger, charges $750 per hour.[25]

These hourly rates for the attorneys in the office are reasonable and within the range of rates in the market involving experienced ERISA claimant's counsel. Marie E. Casciari is an attorney with a nationwide ERISA practice, much like Mr. King, that frequently practices in Chicago and Seattle, and she states in her declaration that Mr. King's rate is extremely reasonable.[26] Mr. King states in his declaration that the rates for himself, Mr. Hall, and Mr.

---

[19] *Id.* at 434.
[20] *Van Gerwen v. Guarantee Mutual Life,* 214 F.3d 1041, 1045 (9th Cir. 2000).
[21] *Blum v. Stenson,* 465 U.S. 886, 895, n. 11 (1984).
[22] Declaration of Brian S. King, attached as Exhibit A
[23] Declaration of Brent J. Newton, attached as Exhibit B
[24] Declaration of Samuel M. Hall, attached as Exhibit C
[25] Declaration of Eleanor Hamburger, Attached as Exhibit D.
[26] Declaration of Marie E. Casciari, Attached as Exhibit E.

PLAINTIFF'S MOTION IN SUPPORT OF AN AWARD OF ATTORNEY FEES AND COSTS,
Case No. 2:21-cv-01257 – Page 5

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

Newton are in line with competent attorneys in this specialty of law.[27] Based on this information presented in the King and Casciari Declarations, the rates charged for Mr. King, Mr. Hall, Mr. Newton and Ms. Hamburger reflect standards for individuals representing claimants in these areas of law.

Where the subject matter of the litigation is highly specialized and a limited number of attorneys specialize in the area with even fewer representing claimants on a contingent fee basis, there may be no local community of comparable lawyers from which to draw hourly rates for comparison. In such a case, where specialties draw on federal statutes or bodies of law, the Court may look to circuit-wide or national rates to establish a standard.[28] Specifically, for ERISA as a federal statute, other courts have held that a national rate is appropriate.[29]

The King Decl. identifies his qualifications and experience to be awarded an attorney fee at the rate of $600 an hour for his work in this case. Mr. King has extensive experience litigating ERISA benefit claims over the last 25 years. He has practiced in courts across the country and can be said to have a national practice. ERISA involves complex questions of law and fact and requires extensive knowledge and preparation to represent claimants successfully.

---

[27] King Decl. ¶¶ 15,16.
[28] *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 491 (7th Cir. 2009).
[29] *Chesemore v. Alliance Holdings, Inc*, 2014 U.S. Dist. LEXIS 123873, *21 (W.D. Wis. 2014); *Tussey v. ABB, Inc.,* 2012 U.S. Dist. LEXIS 157428, *10-11 (W.D. Mo. 2012), affirmed & reversed in parts, 746 F.3d 327 (8th Cir. 2014) ("It is well established that complex ERISA litigation involves a national standard and special expertise"); *Mogck v. Unum Life Ins. Co.*, 289 F.Supp.2d 1181, 1191 (S.D. Cal. 2003) ("ERISA cases involve a national standard"); *Oldoerp v. Wells Fargo & Co. LTD Plan*, 2014 U.S. Dist. LEXIS 80983, *8-10 (N.D. Cal. 2014)(entertaining evidence of fee rates applying a national rate in awarding fees); *Torgerson v. Unum Life Ins. Co. of America*, 2007 U.S. Dist. LEXIS 9332, *21 (N.D. Iowa 2007)("ERISA cases involve a national standard" hourly rate); and *Dobson v. Hartford Financial Services Group*, Inc., 2002 U.S. Dist. LEXIS 17682, *9 (D. Conn. 2002) (plaintiff's counsel have a "nationwide practice and some degree of special expertise is necessary for complex ERISA litigation").

PLAINTIFF'S MOTION IN SUPPORT
OF AN AWARD OF ATTORNEY FEES
AND COSTS,
Case No. 2:21-cv-01257 – Page 6

BRIAN S. KING, ATTORNEY AT LAW
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

As for the number of hours billed by Mr. King's firm, the time sheets attached to the King Declaration, the Newton Declaration, and the Hall Declaration provide adequate documentation of the nature of the tasks performed in the case, the time spent on those tasks, and the reasonableness of that time. They total 75.5 for Mr. King, 86.9 for Mr. Newton, and 12.1 for Mr. Hall. Added together with Ms. Hamburger's time of 8.9, multiplying the hours by the hourly rates identified in the Declarations of Mr. King, Mr. Newton, Mr. Hall, and Ms. Hamburger totals $86,322.50 and represents the attorneys' time into the case. The detailed information in connection with the attorneys' time is attached to the King, Newton, Hall and Hamburger Declarations, respectively.

**C. Plaintiffs Should Be Awarded Their Costs in this Action.**

In this case, the Plaintiffs request reimbursement for their filing fees. "Filing fees are routinely considered a cost under 28 U.S.C. §1920."[30] Because the filing fee is established by the Court, there can be no dispute that this request is reasonable.

//
//
//
//
//
//
//

---

[30] *Scott v. Jayco Inc.*, No. 1:19-cv-0315 JLT, 2021 U.S. Dist. LEXIS 242660, at *75 (E.D. Cal. Dec. 18, 2021); *D.C. v. Dep't of Educ.*, No. 07-00362 ACK-KSC, 2008 U.S. Dist. LEXIS 64217, at *17 (D. Haw. May 28, 2008); *Currie v. Shaw*, No. 3:13-cv-01515-PK, 2014 U.S. Dist. LEXIS 96076, at *19 (D. Or. June 6, 2014).

PLAINTIFF'S MOTION IN SUPPORT
OF AN AWARD OF ATTORNEY FEES
AND COSTS,
Case No. 2:21-cv-01257 – Page 7

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936

# CONCLUSION

For all of the stated reasons, Plaintiffs are entitled to an award of attorney fees and costs as outlined above in the amount of $86,322.50 in attorney fees and $400 in costs.

DATED this 7th day of June, 2023.

/s/ Brian S. King
Brian S. King, *Admitted Pro Hac Vice*
Brent J. Newton
Samuel M. Hall
**BRIAN S. KING, P.C.**
420 E. South Temple, Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739
Fax (801) 532-1936
Email: brian@briansking.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system to all registered participants in this matter.

DATED this 7th day of June, 2023.

/s/ Brian S. King

PLAINTIFF'S MOTION IN SUPPORT OF AN AWARD OF ATTORNEY FEES AND COSTS,
Case No. 2:21-cv-01257 – Page 8

**BRIAN S. KING, ATTORNEY AT LAW**
420 East South Temple; Suite 420
Salt Lake City, UT 84111
Tel. (801) 532-1739 Fax (801)532-1936