THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7
8
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
9
**AT SEATTLE**

10  N.C., individually and on behalf of A.C.
    a minor,
11                                              Case No. 2:21-cv-01257-JHC
12                              Plaintiff,
                                                **PREMERA BLUE CROSS' OPPOSITION**
13          vs.                                 **TO PLAINTIFFS' MOTION FOR**
                                                **ATTORNEYS' FEES.**
14  PREMERA BLUE CROSS;
                                                **NOTE ON MOTION CALENDAR**: **June 23,**
15                              Defendants.      **2019**
16
17
18
19
20
21
22
23
24
25
26
27

PREMERA BLUE CROSS' OPPOSITION
TO PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES
KILPATRICK TOWNSEND 77444718 2

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1

2        Defendant Premera Blue Cross ("Premera") hereby opposes Plaintiffs' Motion for

3   Attorneys' Fees.

4                              **I.    INTRODUCTION**

5        The Court should deny Plaintiffs' Motion for Attorneys' Fees (Dkt. 77).  Plaintiffs' Motion

6   is untimely.  Under Fed. R. Civ. P. 54(d)(2)(B)(i), the Motion was due on May 25, 2023—fourteen

7   days after the Court issued final judgment on May 11.  Plaintiffs filed it on June 7, 2023—thirteen

8   days late.  Plaintiffs have offered no explanation or excuse for missing the deadline.  The Court

9   may only allow it if Plaintiffs show "excusable neglect"—and lack of awareness of the deadline

    cannot be excusable.  The Court should deny the motion for this reason alone.

10       On the merits, Plaintiffs' Motion does not establish Plaintiffs' entitlement to attorneys'

11  fees or costs. Courts must consider the "degree of the opposing party's culpability or bad faith,"

12  whether an award of fees against "would deter others from acting in similar circumstances,"

13  whether Plaintiffs "sought to benefit all participants and beneficiaries of an ERISA plan or to

14  resolve a significant legal question regarding ERISA," and "the relative merits of the parties'

15  positions."

16       These factors weigh against an award of fees.  Premera acted in good faith.  Premera's

17  determination of Plaintiffs' claim was made on the unique facts of A.C.'s condition and

18  treatment—there is no evidence of repeatable misconduct that an award of fees would deter.  Nor

19  do the relative merits of the parties' positions justify an award of fees.  Here, this case turned on

20  whether the InterQual Criteria apply to Plaintiffs' benefits claim.  Plaintiffs conceded that the

21  benefit they claimed was not medically necessary pursuant to the InterQual Criteria.  This Court

22  agreed but decided to apply another standard instead because it was less rigid.  Fees are not

23  appropriate in this case.

24

25

26

27

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 1

KILPATRICK TOWNSEND 77444718 2

## II.    ARGUMENT

**A.    Plaintiffs' Motion for Attorneys' Fees is Untimely and Plaintiffs do Not Attempt to Show Excusable Neglect.**

The Court should deny Plaintiffs' motion for attorneys' fees as untimely.  On May 11, 2023, this Court entered judgment in favor of Plaintiffs.  *See* Dkt. 74.  The deadline for Plaintiffs to file their motion for attorneys' fees was fourteen days later, on May 25, 2023.  LR 54(d)(5); Fed. R. Civ. P. 54(d)(2)(B)(i).

The Court may only extend the time for Plaintiffs' motion for attorneys' fees if the late filing occurred due to excusable neglect.  Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").  But Plaintiffs have not attempted to show excusable neglect.  They have not moved for an extension of time or for leave to file an untimely motion.  An attorney's inadvertent failure to comply with deadlines does not constitute "excusable neglect."  *See*, *e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (holding that attorney's mistake interpreting the time to file a post-trial motion did not constitute excusable neglect); *Ross v. Snohomish Cnty.*, No. C13-1467JLR, 2014 WL 371652, *2 (W.D. Wash. Feb. 3, 2014) (an "attorney's error and lack of diligence" does not constitute excusable neglect).

**B.    Plaintiffs Fail to Satisfy the Standards for an Award of Attorney's Fees in ERISA Benefits Cases.**

The Court should also deny any award of fees because the factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (the *"Hummell* factors") do not weigh in Plaintiffs' favor.

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 2

KILPATRICK TOWNSEND 77444718 2

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1. **Applicable standard—the *Hummell* factors.**

Courts in the Ninth Circuit consider the five *Hummell* factors to determine whether an award of attorneys' fees is appropriate in an ERISA case: "(1) the degree of the opposing party's culpability or bad faith, (2) the ability of the opposing party to satisfy an award of fees, (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances, (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions." *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Acc. Ins. Co.*, 25 F.3d 743, 748-49 (9th Cir. 1994) (citing *Hummell,* 634 F.2d at 453). "These factors are intended to guide the court's exercise of its discretion." *Id.* "[B]ut none is 'necessarily decisive.'" *Id.*

2. **Premera did not act with culpability or bad faith.**

Plaintiffs do not assert that Premera acted in bad faith but argue that Premera was "culpable" because the Court disagreed with Premera's benefits determination. Dkt. 77 at 3.

a. **Premera's culpability or bad faith depends on the relative merits of the parties' arguments.**

When evaluating the first *Hummell* factor—the degree of a party's "bad faith or culpability"—courts hold that an award of attorneys' fees is not warranted against a party who acts in "good faith." *See e.g.*, *Cline v. Ind. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (affirming denial of attorneys' fees based on "conclusion that the Appellants acted in good faith"); *Simonia v. Glendale Nissan Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (affirming denial of attorneys' fees under *Hummell* factors). In ERISA cases, a party acts in "good faith" where "a reasonable basis existed" for its position. *Cline*, 200 F.3d at 1236 ("While Appellants failed to prove any of their claims" for ERISA benefits, "the Record contains enough documentary material to support the Court's conclusion that a reasonable basis existed for Appellants to make their claims."); *cf.*, *Credit Managers Ass'n of So. Cal. v. Kennesaw Life and Acc. Ins. Co.*, 25 F.3d 743, 749-50 (9th Cir. 1994) (affirming award of attorneys' fees against

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 3

KILPATRICK TOWNSEND 77444718 2

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

plaintiff who "could not have had a good faith belief that it could prove its ERISA claim….").  Premera had reasonable grounds for its benefits determination and litigation defenses and, therefore, acted in "good faith."  An award of attorneys' fees is not appropriate.

**b.    Premera acted in good faith.**

Premera acted in good faith.  The record establishes that Premera reasonably decided Plaintiffs' claim in compliance with ERISA's requirements.   Premera's decision was based on a reasonable interpretation of the Plan language, review of the administrative record, and consultation with an external reviewer—who agreed that Premera's medical necessity determination was correct, R 1946-49—all of which evidence that Premera acted reasonably and in good faith.

Premera's application of the InterQual Criteria was reasonable and made in good faith.  Indeed, the Court held that Premera's use of the InterQual Criteria comports with the parties' contract and "generally accepted standards of practice."  *N.C. v. Premera Blue Cross*, No. 2:21-CV-01257-JHC, 2023 WL 2741874, at *8 (W.D. Wash. Mar. 31, 2023) ("The Court agrees that Premera's use of the InterQual guidelines was 'in accordance with the plan booklet,' in that the InterQual guidelines are not inconsistent with generally accepted standards of practice.") (citing *Stephanie C. v. Blue Cross Blue Shield of Mass. HMO Blue, Inc.*, 852 F.3d 105, 114 (1st Cir. 2017) ("holding, under an abuse of discretion standard of review, that 'BCBS reviewers reasonably consult the InterQual Criteria, which are nationally recognized, third-party guidelines'")).  However, the Court rejected the InterQual Criteria as too "rigid" and instead applied a different set of medical guidelines.  *Id.* at *9 ("The Court also notes that although Premera's use of the InterQual guidelines may have been 'in accordance with the plan booklet,' its decision to exclude coverage based on Plaintiff's failure to meet these extraneous and rigid standards—which are not explicitly referenced in the Plan language—is troubling."); *13, n.18 (applying the *Practice Parameters, Principles, Guidelines and Resource Centers*, AACAP,

PREMERA'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES – 4

KILPATRICK TOWNSEND 77444718 2

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

available at https://tinyurl.com/bdhcf8h3).  There is no "culpability" or "bad faith" evidenced by Premera's actions.

Underscoring the reasonable, good-faith basis of Premera's decision, this Court has found that benefits denials were appropriate based on similar facts to the case at bar.  *See, e.g.*, *S.L. v. Premera Blue Cross*, No. C18-1308RSL, 2023 WL 3738991, at *11 (W.D. Wash. May 31, 2023) (granting Premera's motion for summary judgment in a residential treatment claim because "[f]ederal courts across the country have recognized the widespread adoption of InterQual Criteria and 'district courts routinely find that InterQual's criteria comport with generally accepted standards of care.'" (citing *N.F.  v. Premera Blue Cross*, No. C20-956JCC, 2021 WL 4804594, at *4 n.4 (W.D. Wash. Oct. 14, 2021)); *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1114-15 (9th Cir. 2020) ("The InterQual criteria, promulgated by McKesson Health Solutions LLC and updated annually, 'are reviewed and validated by a national panel of clinicians and medical experts,' and represent 'a synthesis of evidence-based standards of care, current practices, and consensus from licensed specialists and/or primary care physicians.'"); *Griffin v. Do-Williams*, No. C16-1435WBS-CKD, 2019 WL 3975358, at *8 (E.D. Cal. Aug. 22, 2019), aff'd, 846 F. App'x 518 (9th Cir. 2021) ("InterQual criteria are a library of evidence-based clinical decision support criteria used to assess the medical necessity of a proposed treatment"); *Norfolk Cnty. Ret. System v. Cmty. Health Sys., Inc.*, 877 F.3d 687, 690 (6th Cir. 2017); *Stephanie C. v. Blue Cross Blue Shield of Mass. HMO Blue, Inc.*, 852 F.3d 105, 114 (1st Cir. 2017); *Julie L. v. Excellus Health Plan, Inc.*, 447 F. Supp. 3d 38, 48 (W.D.N.Y. 2020)); *K.K. v. Premera Blue Cross*, No. C21-1611-JCC, 2023 WL 3948236, at *4 (W.D. Wash. June 12, 2023) (upholding Premera's denial of benefits for residential treatment based on the InterQual Criteria because Premera's use of the InterQual criteria "is consistent with myriad prior holdings in this District").

### 3.    There is no basis for an award of fees against Premera to deter misconduct.

The third *Hummell* factor does not favor Plaintiffs.  Premera's determination of benefits was based on the unique factual circumstances of the case at bar—an award of attorneys' fees

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 5

KILPATRICK TOWNSEND 77444718 2

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1   would not, therefore, "deter others [or Premera] from acting in *similar* circumstances." *Hummell*,

2   130 F.3d at 452-53 (emphasis added).

3       Further, there is no "misconduct" to deter.  Premera's benefits determination was

4   reasonable and made in good faith.  *See*, *e.g.*, *Cline*, 200 F.3d at 1236.  This Court's disagreement

5   with Premera's determination on *de novo* review does not evidence any misconduct, and certainly

6   no misconduct that would be deterred by a punitive attorneys' fees award.

7       **4.    Plaintiffs did not seek to benefit all participants and beneficiaries in the Plan**
8       **or to resolve a significant legal question regarding ERISA.**

9       Plaintiffs did not seek relief for the benefit of any other ERISA members.  *Cf. Walsh v.*

10  *Int'l Bhd. of Elec. Workers Local Union #357*, No. 2:08-CV-1287-JCM-LRL, 2010 WL

11  11579081, *2 (D. Nev. Jan. 22, 2010) ("defendants IBEW 357 sought to enforce the collective

12  bargaining agreement which was a benefit to the IBEW pension plan participants.  Accordingly,

13  this factor weighs in favor of the defendant.").  Plaintiffs' claims for benefits and under the Parity

14  Act sought to obtain benefits for themselves, and Plaintiffs did seek classwide relief under Fed. R.

15  Civ. P. 23.

16      This Court also did not resolve any legal issues pertaining to ERISA.  Rather, the Court

17  decided this case on its facts, and its holding will not affect other members of the Plan.  *Paddack v.*

18  *Morris*, 783 F.2d 844, 847 (9th Cir. 1986) ("the district court found that no significant legal issue

19  was presented in this case.  Because this factor is neutral, it carries no weight in the calculus"

20  required by *Hummell*).

21      **5.    The relative merits do not support an award of attorney fees.**

22      As discussed above, this case turned on whether the Court decided to apply the InterQual

23  Criteria that Premera used to evaluate medical necessity.  Premera had a good faith basis for

24  applying the InterQual Criteria.  Even though the Court disagreed, the relative merits do not

25  support an award of attorneys' fees.

26

27

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 6

KILPATRICK TOWNSEND 774444718 2

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### III.     CONCLUSION

For the foregoing reasons, Premera respectfully requests that the Court deny Plaintiffs'
Motion for Attorneys' Fees.

DATED this 20th day of June, 2023.

KILPATRICK TOWNSEND & STOCKTON LLP

By        /s/ Gwendolyn C. Payton
          Gwendolyn C. Payton, WSBA No. 26752
          gpayton@kilpatricktownsend.com
          Sean P. Murphy, WSBA No. 56834
          spmurphy@kilpatricktownsend.com
          1420 Fifth Ave., Suite 3700
          Seattle, WA 98101
          Telephone: (206) 626-7714
          Facsimile: (206) 623-6793

          *Counsel for Defendant Premera Blue Cross*

PREMERA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES – 7

KILPATRICK TOWNSEND 77444718 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document, PREMERA BLUE CROSS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

Brian S. King
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
(801)532-1739
Email: brian@briansking.com

Brent J. Newton
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
(801) 532-1739
Email: brent@briansking.com

Samuel Martin Hall
BRIAN S KING PC
420 E SOUTH TEMPLE STE 420
SALT LAKE CITY, UT 84111
801-532-1739
Email: samuel@briansking.com

DATED this 20th day of June, 2023.

**Kilpatrick, Townsend & Stockton LLP**

By: */s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752
    gpayton@kilpatricktownsend.com

*Counsel for Defendant Premera Blue Cross*

CERTIFICATE OF SERVICE – 8

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

KILPATRICK TOWNSEND 77444718 2